and the United Federation of Teachers. Mr. Green, you have seven minutes. You've reserved two minutes for rebuttal, so you have five minutes to argue. Mr. Green? Mr. Green, you're on mute. Thank you, Your Honor. Am I visible? Well, no, you were visible for a minute, but now you're not visible again. I'm not visible again? Wow. I guess I'm losing my time. No, I haven't started the clock. I will start the clock when I see you, please. Okay, thank you. Okay, now start the clock. Great. Thank you, Justices. Good morning, and good morning, Attorneys. My name is Dr. Rupert Green. I'm the Plaintiff Pro Se in the case of Green v. New York City Department of Education et al. I was unlawfully terminated by a sole arbitrator who had no subject matter jurisdiction to hear and decide the case fairly. The DOE deceitful practice of spurting over proper determination of probable cause codified in Education Law 3020a-2a informed the defective and unlawful procedure and the required pre-trial hearing of the compulsory arbitration known as 3020a in New York City. Accordingly, I am respectfully beseeching this Court to examine and reverse my termination, which ultimately resulted from fraudulent concealment and the improper interpretation of the statutory language and legislative intent of the Tenure Law 3020a-2a. Two questions before this Court are whether the State Legislature gave New York City Chancellor the power to bypass the vote of the School Board in presenting charge in the 3020a arbitration. Two, whether Judge Desmond Green's decision in the Cardinal case was a fluke or outlier as stated by DOE that should provide desperate outcomes that discriminate based on race or gender as other decisions will be shown to do. I will address the questions concurrently. Dr. Green, let me ask you then, on your last point about Cardinality, is there any other case that has followed its reasoning? No, there is no case that has followed it recently, Your Honor. I've seen none. Mr. Green, you're also only suing the Department of Education and the Commissioner of Education, right? I am suing the DOE. I had mentioned the Chancellor, but she's no longer there. Right, so then if you're suing the municipality, you have to show that the municipality has a whole policy of doing this to people. Do you think that they do? Yes, the 3020 hearing is the one that I am talking about that is defective and has been detrimental to teachers as a whole. Okay. Yes. The arbitrator's report has a list of some, let's see, some 116 emails that you sent in violation of the policy and then it has dates that you were absent from work and all of that. Do you think that that is not accurate and that's made up or you're just saying that the policy was followed in order to reach the conclusion it was defective? I would say that the days that I was absent from work was dismissed. Also, the procedure they are using is defective. I did send email as of other people that I will report in this case, so that's not the issue here, Your Honor. It's fair to say, Dr. Green, that your issue really is with the procedure, right? Yes, Your Honor. May I continue? Yes, sure, go ahead. In New York City, the board is the panel for educational policy, the PEP. It's by law state that Chancellor shall serve as a non-voting ex-official member, that's by law preamble and Article 1, Section 1.1. The required determination of probable cause voted by the PEP was never undertaken, in my case, for it to proceed to arbitration. This step is required by New York State law and for constitutional protection of tenure. The Department of Education... Mr. Green, you had a 12-day hearing and you presented witnesses. Were you represented by counsel at that hearing? Yes, Your Honor. So what more process do you need? Didn't they find probable cause from that hearing? The probable cause occurs before the hearing and it requires the Chancellor to have a vote from the panel for education policy. No such vote occurred. And in the Cardinal case, they agreed that such a vote was necessary, and that is why the Cardinal case was overturned and she got back her job. Your argument is that it should never have gone to a hearing until there was a finding of probable cause? Is that what you're saying? Yes, Your Honor, as required by the state law and as proven by Judge Desmond Green in the Cardinal case. And didn't you make that argument in the state court Article 75, I think it is, proceeding that you brought? I made the case and they overlooked it and they still went ahead. Even in the DOE response, they never mentioned probable cause. Well, all right, continue. The Department of Education, tacitly enabled by the United Federation of Teachers, argued such vote was unnecessary and omitted by fear of the Chancellor. This declaration is false and was never agreed by the New York State Legislature. In the case of Rosalie Cardinal, I reference, she, a teacher, was terminated at her 3028 and won her job back through an Article 75 appeal. She appeared in front of Desmond Green in the 2nd Department Appellant Division. Judge Green made it clear that the procedural protection could not be discounted without a signed waiver of the charged individual and the state. He cited Ricker v. New York State Department of Education, 2nd Division, Appellant Division, 1979, to outline how the tenure system was a legislative expression of firm public policy to foster academic freedom in schools to advance interests and the intellect of the nation's youth. Some key points of law to consider are Mr. Green, your time has expired, but you have reserved 2 minutes for rebuttal. Let us hear from the Department of Education and we'll be able to ask them the questions as well. Thank you. Mr. Popolo, representing the City Department of Education. Correct. Good morning, Your Honors. May it please the Court. I just wanted to point out two things that may be a bit unclear here. There was a determination of probable cause in this case before the arbitration hearing went forward. The issue that Dr. Green is raising is that the determination was made by the principal as opposed to the chancellor or the vote of the Education Board. And as was, I think, fairly well articulated by Magistrate Gorenstein in this case, the Richmond County Supreme Court decision in Cardinale is very much an outlier and is not correct. The legislative history and the statutory history and the text of the statute permit the delegation by the chancellor to principal to make the probable cause determination. Cardinale has been briefed for quite some time and is currently awaiting calendaring in front of the Second Department. But I think that the overarching issue here is that this Court doesn't, and I would suggest shouldn't, wait into deciding whether the Cardinale trial court decision was correctly determined or not. Because this is a Section 1983 case, and from a constitutional perspective, the issue for due process is whether or not Dr. Green was given oral or written notice of the charges against him, not whether they came from the chancellor or from the principal. And there's absolutely no dispute here that he did receive written notice of the charges against him and then, as Judge Poore noted, then had a 12-day hearing where I think there were 17 witnesses called. He was represented by counsel. He had the opportunity to cross-examine witnesses, to call his own witnesses and present his side of the story. And under Loudermill, that is, you know, absolutely sufficient to satisfy the requirements for due process, which is what you... Can I ask a sort of a small, maybe technical question? About the claim for the duty of fair representation, I understand that under the Labor Management Relations Act, somebody can sue for the violation of a contract between an employer and a labor organization. But then the statute defines employer so as not to include a public entity. And so that means that if you are a public employee, you don't have a claim, right, for violation of duty of fair representation, right? Your Honor, I would... That is my understanding, but I think I would defer to counsel for the United Federation of Teachers. The other counsel is going to talk about this? Correct, Your Honor. I was just going to tell you, we will hear argument from the UFG. That's fine. I thought it replied to both, but okay, I will talk to the second counsel. Yeah, that claim is not asserted against the Department of Education. Your Honors, if you have no further questions for me, we would rest on our briefs at this point. Thank you, counsel. We'll hear from the United Federation of Teachers. Good morning, counsel. Good morning, Your Honors. May it please the Court, Oriana Vigliotti, representing Defendant Appley, the United Federation of Teachers. So let me start with your question about Section 301. I had a pretty specific question, which is, so the Labor Management Relations Act says that you can sue for the violation of contract between an employer and a labor organization, and then the statute defines employer to exclude public entities, and so that means that if somebody's employer is a public entity, they don't have a claim under the statute, right? That's exactly correct. So that's just failure to state a claim, right, because they can't show that there was a contract between a labor organization and an employer. So why does the Court talk about it in terms of subject matter jurisdiction? Well, I'm not sure why the Court talked about it in that manner, but it is certainly well settled that public employees cannot bring these federal DFR claims under Section 301. Right, but I'm just asking if there's something I'm missing. So in my view, if the elements of the claim are that you need to show that there was a contract between a labor organization and an employer, and your employer is outside the definition of employer under the statute, I would think that that's just a failure to state a claim. I don't know why we would talk about that in jurisdictional terms. So I was wondering if you have a different view. I don't have a different view. I think it's sort of, it is an interesting question, but I think the ultimate result is the same, that the claim must be dismissed, as it was properly dismissed here. But doesn't the claim have to be dismissed without prejudice, unlike it was dismissed with prejudice because the Court lacks subject matter jurisdiction? I suppose it could, yes. I mean, I suppose that it could be dismissed without prejudice as to that. It's supposed to be dismissed without prejudice. I guess my question was it doesn't seem jurisdictional because it seems like it's just a failure to state a claim. So it seems like you don't really have a strong position on whether it's jurisdictional or not. Right. I think that's probably correct. I mean, the point here from the UFT's perspective is that there is no claim here under Section 301 against the UFT when we're dealing with public employees. And so it was correctly dismissed by the lower court. But either way, whether it goes to subject matter jurisdiction or whether it should have been a 12B6 dismissal for failure to state a claim, it should be without prejudice, correct? I think that's correct, yes. Although this wouldn't be... Dismissals for failure to state a claim are normally dismissed with prejudice. Well, often we'd leave to amend, right? But here, there might be a futility argument, correct? That is exactly correct, yes. And this is, I mean, Mr. Green, this is an amended complaint. This was, although the UFT was not a defendant in the original complaint, that complaint was dismissed with leave to amend. And then a nearly identical claim, sorry, a nearly identical complaint was filed as the amended complaint adding the United Federation of Teachers. So I just have one other point I'd like to make that with respect to Mr. Green's constitutional claims, he did raise those against the UFT. And I just want to make one quick point that, as we all know, the UFT is a private actor. The only way that the UFT could be found to have violated Mr. Green's constitutional rights is if they colluded with the DOE, the state actor. That certainly didn't happen here. There's no, even no allegation in the complaint that that happened. And as the corporal correctly found, and as you were speaking with the DOE attorneys, there was no constitutional violation. Mr. Green was given all the process that he was due. So if there are no other questions, I see my time is almost up, and I thank the court. Thank you, counsel. Dr. Green, you have two minutes for rebuttal. Thank you, Your Honor. There's an old adage of giving a person a fair trial, then hanging them. Indeed, the procedure was wrong. And the question, if the cardinal is wrong, why does it grant preferential treatment to one group over another? Cardinal is a white female, I'm a black male. And so still, the issue of whether the chancellor has jurisdiction to avoid a vote from the school board is still an issue that the court must address. And finally, there is no change to the Education Law 3028 to eliminate tenure protection when the issue of mayoral control was debated. The chancellor does not have that power to delegate this authority down to a principal to charge me. And finally, Your Honor, fraudulent concealment of a non-existent waiver of the right of a tenured employee to the tenure law, Education Law 3028, by the New York City Department of Education cannot be sanctioned and must prohibit any arbitral decision in this matter. I've been a good teacher. I've had no problem until the principal, Corey Prober, came in and he's got a charge and testified against me and did all those things against the state law. Thank you, counsel. We'll reserve decision. Thank you all for appearing. That is the last case on our argument calendar. I will ask the clerk of court to adjourn court. Thank you, Your Honor.